IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CODY ALLEN STOTLER, #2145177,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:18-CV-1357-B-BK |
| | § | |
| **PANDORA CAULEY, ET AL.,** | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* action was referred to the United States magistrate judge. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons stated here, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I.  ANALYSIS**

By his *Amended Complaint*, Plaintiff Cody Allen Stotler, a state inmate, alleges civil rights violations under 42 U.S.C. § 1983 against various employees of the Hutchins State Jail in Dallas, Texas, based on the denial of an adequate law library, delay in mail delivery, denial of toothpaste, and violations of the grievance procedure. Doc. 13 at 3-5. He seeks injunctive or declaratory relief, including (1) an up-to-date library, (2) toothpaste, (3) on-time-mail delivery, and (4) the firing of two Defendants—Grievance Officer Scott-Burger and Assistant Warden Kristi Pittman. Doc. 13 at 5.

However, Plaintiff's subsequent transfer to the Wynne Unit in Huntsville, Texas, renders his claim for declaratory and/or injunctive relief moot. Doc. 12 at 1; *see Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (holding prisoner's transfer rendered moot claim for declaratory and injunctive relief). Moreover, "any suggestion of relief based on the possibility of transfer

back to the [Hutchins State Jail] is too speculative to warrant relief." *Id*. Consequently, Plaintiff's *Amended Complaint* lacks a legal basis and should be summarily dismissed as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) (providing for *sua sponte* dismissal if the complaint is frivolous or fails to state a claim); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding complaint is frivolous when it "lacks an arguable basis either in law or in fact").

## II.  LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, unless he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009). Here, Plaintiff's claim for injunctive and/or declaratory relief is fatally infirm for the reasons stated *supra*. Thus, granting leave to amend would be futile and cause needless delay.

## III.  CONCLUSION

For the foregoing reasons, this action should be summarily **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[1]

**SO RECOMMENDED** on August 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3